**FILED**
**NOV 05 2014**
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Deborah Diane Fletcher,                )
                                        )
    Plaintiff,                      )
                                        )
    v.                              )   Civil Action No. 14-1858 UNA
                                        )
HUD Manager,                            )
                                        )
    Defendant.                      )
_____)

MEMORANDUM OPINION

This matter is before the Court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Hyattsville, Maryland. She purports to sue "HUD Manager," whose listed address is the Washington, D.C. Field Office of the United States Department of Housing and Urban Development (HUD). Compl. Caption; *see* http://www.hud.gov (Local Office Directory). Plaintiff alleges that she responded to an advertisement touting affordable apartments for rent in the District of Columbia but when she returned with a $10 money order

1

and other requested information, she was told that her $741 monthly income from social security benefits was insufficient. Compl. at 2. Plaintiff seeks $1.5 million in damages for "the price of prejudice." *Id.* at 3.

1. Federal Question Jurisdiction

The complaint does not allege facts to implicate the vaguely named defendant in any wrongdoing, nor is the basis of federal court jurisdiction clear. To the extent that plaintiff is suing under the Fair Housing Act, 42 U.S.C. §§ 3604-3606, which "prohibits discrimination in the sale or rental of housing," that Act "[does] not create a private right of action" for money damages, and plaintiff does not seek any other relief. *Lee v. Pierce*, 698 F. Supp. 322, 342 (D.D.C. 1988); *see id.*, quoting 42 U.S.C. § 3608(d) ("The Act requires HUD to 'administer the programs and activities relative to housing and urban development in a manner affirmatively to further the policies of fair housing. . . . HUD's action is reviewable" under the APA); *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (the APA "waives the Government's immunity from actions seeking relief other than money damages.") (citations and internal quotation marks omitted).

To the extent that plaintiff is seeking money damages for tortious behavior by an employee of HUD, dismissal is warranted because there is no indication that plaintiff exhausted her administrative remedies under the Federal Tort Claims Act, *see* 28 U.S.C. § 2675, which must occur before the Court can exercise jurisdiction over any potential tort claim for damages against the United States. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366,

371 (D.C. Cir. 2007). Moreover, plaintiff has alleged no facts from which one could infer that any individual at HUD took any action that harmed her.

2. Diversity Jurisdiction

Plaintiff has not named a defendant who qualifies as a citizen under the diversity statute.[1] *See, e.g., Moor v. Alameda County*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction"). And, notwithstanding the demanded amount, the allegations fail to establish the minimum jurisdictional amount in controversy, let alone damages exceeding $1 million. *Info. Strategies, Inc. v. Dumosch*, No. 13-315 (RC), --- F. Supp. 2d ---, 2014 WL 505360, at *3 (D.D.C. Feb. 10, 2014), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("For a court to reject the amount [in controversy] claimed by the plaintiff, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.' "); *see also Doe v. Exxon Mobil Corp.*, Nos. 01-1357 (RCL), 07-1022 (RCL), --- F. Supp. 3d ---, 2014 WL 4746256, at *14 (D.D.C. Sept. 23, 2014) ("To dismiss for failure to plead amount in controversy, the court must be able to say, after crediting all of the plaintiff's factual allegations . . . that a verdict in excess of the jurisdiction minimum . . . would have to be set aside as a matter of law.") (citations and internal quotation marks omitted; ellipses in original). Hence, no basis exists for exercising diversity jurisdiction.

---

[1] Despite the case caption and the address provided for the defendant, which is HUD's address, the allegations seem to fault unnamed apartment managers or employees.

For the foregoing reasons, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

*Amy B Jackson*

DATE: October 31, 2014